# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO: 3:03CR219

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff<br><br>vs.<br><br>ANEWA TIARI-EL and<br>LEANDRA SMITH,<br>   Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the following groups of motions: (1) the "Notice of Motion to Dismiss United States Attorney Matthew J. Hoefling's Want of Subject Matter Jurisdiction ..." ("Motion to Dismiss") (Document No. 85), filed February 9, 2005 by Anewa Tiari-El and Leandra Smith; and the "Government's Response to Defendants' Motion to Dismiss ..." (Document No. 89), filed February 16, 2005 by the Government; (2) the "Notice to Unseal Docket No. 3:03MC140-MU United States Response to Motions Filed by Grand Jury Witnesses" ("Motion to Unseal") (Document No. 86), filed February 9, 2005 by Ms. Tiari and Ms. Smith; and the "Government's Response to Notice to Unseal ..." (Document No. 88), filed February 16, 2005 by the Government; and (3) the "Writ of Discovery; Request for Debt Validation" ("First Writ of Discovery") (Document No. 91), filed March 7, 2005 by Ms. Tiari; the "Writ of Discovery; Request for Debt Validation" ("Second Writ of Discovery") (Document No. 92), filed March 18, 2005 by Ms. Tiari; the "Writ of Discovery; Request for Debt Validation" ("Third Writ of Discovery") (Document No. 93), filed March 29, 2005 by Ms. Tiari; the "Writ of Discovery; All Rights Reserved" ("Fourth Writ of Discovery") (Document No. 95), filed April 27, 2005 by Ms. Tiari; the "Writ of Discovery;

1

Request for Debt Validation" ("Fifth Writ of Discovery") (Document No. 96), filed May 2, 2005 by Ms. Tiari; and the "Writ of Discovery; Request for Debt Validation" ("Smith Writ") (Document No. 97), filed May 2, 2005 by Ms. Smith. After careful consideration of the written arguments, applicable authority, and the oral arguments made to the Court on May 2, 2005 by Ms. Tiari, representing herself; Ms. Smith, also representing herself; and David Brown, the Assistant United States Attorney representing the Government; the undersigned will deny the motions.

## I. DISCUSSION

### A. Motion to Dismiss

In the Motion to Dismiss, Ms. Tiari and Ms. Smith contend that the criminal complaint and accompanying affidavit was an unsworn declaration and not officially dated; that the grand jury was authorized without proper authority from the Internal Revenue Service (the "IRS"); and that Ms. Tiari was illegally detained as a result of the indictment against her.

#### 1. Complaint and Accompanying Affidavit

Rule 3 of the Federal Rules of Criminal Procedure (the "Federal Rules") requires that a criminal complaint be made under oath before a federal magistrate judge. Fed. R. Crim. P. 3. Rule 4 of the Federal Rules requires that – if the criminal complaint and accompanying affidavit establish probable cause to believe an offense has been committed and the subject of the complaint committed the offense – the federal magistrate judge must issue an arrest warrant. Fed. R. Crim. P. 4(a).

In this case, the criminal complaint (the "Complaint") was made under oath before United States Magistrate Judge Carl Horn, III on December 11, 2003. The Complaint was then filed with the Clerk of Court for the Western District of North Carolina. That same day, Judge Horn issued an arrest warrant. Ms. Tiari and Ms. Smith's contention that the Complaint was an unsworn

declaration and not officially dated is meritless.

## 2. Authorization of the Grand Jury

The United States has, within limits, the delegated authority to authorize grand jury investigations of false and fictitious claims for tax refunds, in violation of Title 18, Sections 286 and 287 of the United States Code. Nothing in Title 18 or Title 26 of the United States Code requires that an agent of a federal investigating agency register with the appropriate Secretary of State.

Ms. Tiari and Ms. Smith provide no factual basis for their contention that the United States Attorney exceeded her authority. Their contention that the IRS agent did not properly register is similarly meritless.

## 3. Detention

Title 18, Section 3161(b) of the United States Code provides in pertinent part that "an information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ...."

In this case, Judge Horn issued an arrest warrant on December 11, 2003. A detainer was subsequently filed by the U.S. Marshal Service of the Western District of North Carolina. On December 12, 2003, a Petition for Writ of Habeas Corpus ad Prosequendum was filed. On December 17, 2003 and in accordance with Rule 5 of the Federal Rules, Ms. Tiari was brought before a federal magistrate judge in the Eastern District of North Carolina for a preliminary hearing. Ms. Tiari was then transferred to this district, where she made her initial appearance on January 6, 2004. Any contention that Ms. Tiari was illegally detained is meritless.

**B. Motion to Unseal**

In the Motion to Unseal, Ms. Tiari and Ms. Smith ask that certain information related to the

grand jury that returned the indictment against them be unsealed.

Rule 6(e)(3)(E) permits this Court to authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before a grand jury." Fed. R. Crim. P. 6(e)(3)(E). Although the text of the Rule itself specifies no standard for when a court should authorize such disclosure, judicial precedent reveals that such disclosure is to be made only "upon a strong showing of particularized need." United States v. Sells Engineering, 463 U.S. 418, 442-43 (1983).

Ms. Tiari and Ms. Smith's request for certain information related to the grand jury appears to have no purpose other than general discovery. Indeed, when speaking in support of the Motion to Unseal at the May 2 hearing, Ms. Tiari simply asked for other general discovery materials – for instance, unidentified vouchers and receipts – which were seemingly unrelated to the proceedings before the grand jury. Ms. Tiari and Ms. Smith further stated that they did not dispute the charges against them, but instead "accept[ed] the charges for value."

The Government has represented in earlier proceedings in this case that it had so far complied, and would continue to comply, with its open file discovery policy and its obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963), Giglio v. United States, 405 U.S. 150, 154-55 (1972), and the Jencks Act. Moreover, the Standard Criminal Discovery Order, entered with respect to Ms. Smith on December 23, 2003 and with respect to Ms. Tiari on January 9, 2004, requires exactly that. As such, the undersigned concludes that Ms. Tiari and Ms. Smith have failed to demonstrate a particularized need for any additional grand jury materials. The Court reminds Ms. Tiari and Ms. Smith that it has previously considered many, if not all, of these issues and has ruled upon them in

earlier orders.

## C. Writs of Discovery

The First Writ of Discovery, the Second Writ of Discovery, the Third Writ of Discovery, the Fifth Writ of Discovery and the Smith Writ relate to a "validation of debt" and "attached presentments from Matthew J. Hoefling, David A. Brown and Shelly L. Goldklang" and are substantially identical. In those documents, Ms. Tiari and Ms. Smith appear to ask for certain information from the United States Attorney. To the extent that these documents can be construed to contain a motion for additional discovery materials, the undersigned concludes that – as required by the Standard Criminal Discovery Order – Ms. Tiari has received or will receive, at the very least, all of the information to which she is entitled.

Ms. Tiari and Ms. Smith further appear to ask either that Ms. Tiari's "UCC. Treasury Contract Trust Account" be charged for one hundred and fifty million dollars or that they receive one hundred and fifty million dollars from the United States Attorney. The undersigned is at a loss to explain these nonsensical statements. To the extent that the First Writ of Discovery, the Second Writ of Discovery, the Third Writ of Discovery, the Fifth Writ of Discovery and the Smith Writ make any motion with respect to a "chargeback," the motion is denied.

The Fourth Writ of Discovery relates to "a validation of debt" and "attached presentments from Presider: DAVID C. KEESLER." The "attached presentments" consist of a notice of hearing sent by the Clerk of Court for the Western District of North Carolina, a printed sheet that appears to show motions pending in the above-captioned case as of April 12, 2005, and a mailing certificate. To the extent that the Fourth Writ of Discovery makes any motion with respect to a "validation of debt," the motion is denied.

### D. Sanctions

The Court warns Ms. Tiari and Ms. Smith that its patience for their frivolous and repetitive filings has been exhausted. The repeated attempts to get the same relief – dismissal of the charges – by the filing of differently-styled motions, all of which contain pages of allegations without any factual or legal basis, have grown old. The Court certainly does not discourage Ms. Tiari and Ms. Smith from filing well-supported motions in the defense of their case. If Ms. Tiari and Ms. Smith choose to file any further frivolous or repetitive motions, however, the Court will entertain the entry of sanctions against them.

## II. ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) the "Notice of Motion to Dismiss United States Attorney Matthew J. Hoefling's Want of Subject Matter Jurisdiction ..." (Document No. 85) is **DENIED** with respect to both Ms. Tiari and Ms. Smith;

(2) the "Notice to Unseal Docket No. 3:03MC140-MU United States Response to Motions Filed by Grand Jury Witnesses" (Document No. 86) is **DENIED** with respect to both Ms. Tiari and Ms. Smith;

(3) the "Writ of Discovery; Request for Debt Validation" (Document No. 91) is **DENIED**;

(4) the "Writ of Discovery; Request for Debt Validation" (Document No. 92) is **DENIED**;

(5) the "Writ of Discovery; Request for Debt Validation" (Document No. 93) is **DENIED**;

(6) the "Writ of Discovery; All Rights Reserved"(Document No. 95) is **DENIED**;

(7) the "Writ of Discovery; Request for Debt Validation"(Document No. 96) is **DENIED**; and

(7) the "Writ of Discovery; Request for Debt Validation"(Document No. 97) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to Ms. Tiari, Ms. Smith, Assistant United States Attorney Brown, and the Honorable Graham C. Mullen.

**Signed: May 6, 2005**

_David C. Keesler_
David C. Keesler
United States Magistrate Judge