IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CR219-1-MU

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ANEWA TIARI EL | ) | |
| LEANDRA SMITH | ) | |
| _____ | ) | |

This matter is before the court upon the Defendant's Supplemental Motion for Judgment of Acquittal.

Defendant Anewa Tiari-El along with co-defendants, Leandra Smith and Malik Yesher-El, were charged in an eleven-count bill of indictment with conspiracy to defraud the government, and making false claims for refund to the Internal Revenue Service, in violation of 18 U.S.C. §§287 and 2.[1] Yesher-El entered a guilty plea prior to trial. Smith and Tiari-El proceeded to trial *pro se* and on June 10, 2005 were convicted on all counts. Following the trial, defendants agreed to accept representation by court-appointed counsel, who filed a timely Motion for Judgment of Acquittal pursuant to Rule 29 on June 17, 2005. The motion requested leave to supplement the motion once a trial transcript was prepared. The instant supplemental motion was filed on May 16, 2007, and subsequently adopted by co-defendant Smith.

**FACTUAL BACKGROUND**

Defendant Tiari-El was the founder, owner, and CEO of a business known as Tiari-El and Associates ("TEA"). The company had over twenty employees, including defendant Leandra

---

[1] Another co-defendant, Drew Sharreff-El, was charged in a superceding indictment with one count of obstructing the IRS.

1

Smith, who served as TEA's Tax Manager, and co-defendant Sharreff-El, who was listed as the firm's "Indigenous Lawyer."  Co-defendant Yesher-El was identified as an agent for the company.

Between September 2, 2002 and November 4, 2003, TEA processed and filed more than 2000 false and fraudulent claims for tax refunds for nearly 1500 separate individuals.  The total amount of false claims exceeded $102 million, and the IRS actually paid out more than $1.4 million in refunds.

Defendants recruited many of their clients to participate in this fraudulent scheme through seminars sponsored by TEA.  During the seminars, Defendant Tiari-El explained that her company had conducted extensive research and discovered that people who had been paying taxes were entitled to a refund from their "Master File."  Several clients testified at trial that both Tiari-El and Smith explained the refund scheme to them in such a way as to lead them to believe that it was legitimate.

The evidence at trial was that Tiari-El and Smith, as well as others working at their direction, misled clients by deceiving them into believing that they were entitled to refunds ranging from $33,000 to $80,000; by creating false Forms 2439, allegedly issued by the IRS, which claimed an entitlement to these refunds based on a tax credit associated with a fictitious trust; and by forging their signatures to documents filed with the IRS, but which the clients had never seen until confronted with them by federal law enforcement.  To further conceal their fraudulent scheme from their clients, Tiari-El and Smith directed the clients not to speak personally with the IRS, and refused to reveal the exact process by which the refunds were to be obtained by claiming that the information was privileged.

Criminal investigators with the IRS searched the TEA business on March 3, 2003 and seized numerous client files containing file folders full of partially completed Forms 2439, including stacks of documents which contained both a client's name and a requested refund amount. A large number of similar documents were located in the TEA computers.

During the search, Tiari-El and Smith were told that the claims for refund they were filing on behalf of clients which contained the false Forms 2439 were fraudulent. Despite the warning, the defendants continued to recruit clients and file additional false and fraudulent claims for refunds.

In June of 2003, the N.C. Attorney General's Office obtained a state court injunction prohibiting TEA from filing any more tax returns. Defendants nevertheless continued to file fraudulent claims for refunds on behalf of their clients. A second injunction was obtained on September 22, 2003. Defendants again defied the court and filed nearly four hundred additional fraudulent returns.

In July of 2004, additional search warrants were executed on the personal residences of Tiari-El and Smith. Additional client files were seized, including hundreds of letters issued by the IRS from March 3, 2003 to September 26, 2003, advising that the claims for refund were frivolous and would not be honored.

At trial, the defendants offered several witnesses who testified that they never personally witnessed the defendants filing out a return or Form 2439. They did concede, however, that Tiari-El and Smith explained the refund scheme to them. The defense also called Tajah Yesher-El, Tiari-El's daughter and the wife of co-defendant Malik Yesher-El, who testified that all the returns and Forms 2439 were prepared solely by a Jo-El Bey in Atlanta. In an effort to impeach

her testimony that no one at TEA was nvolved in filing the fraudulent claims, she was asked by the government whether she knew the status of the charges against her husband. The court initially declined to allow the witness to answer the question, but when the government requested reconsideration of the ruling on the basis that this would be the only witness with knowledge, the court permitted the inquiry over the objection of the Defendants. Mrs. Yesher-El then testified that her husband had pled guilty to the charge of conspiracy. The defendants subsequently moved for a mistrial because of the introduction of Yesher-El's guilty plea, but the court denied the motion indicating that, if necessary, the court could issue a curative instruction to the jury. No further mention of the guilty plea was made by the government during trial. However, defendant Tiari-El mentioned it in her closing argument to support her contention that her family had been improperly singled out for prosecution. Defendants never requested a curative instruction.

Defendant Tiari-El also testified on her own behalf, claiming that Jo-El Bey was the one responsible for the preparation of the false tax returns and the Forms 2439, and that TEA was only responsible for processing the claims for refund. However, she could not explain the numerous partially completed Forms 2439 seized from the offices of TEA, or the computer files of TEA which contained Forms 2439 bearing both numbers and personal client information. She admitted that she and Smith were responsible for recruiting clients, for gathering the information necessary for preparing the returns, and for physically filing the returns. She admitted that in exchange for "doing the processing," she and her company received more than $400,000 in fees, and a fee of up to twenty-five percent of the more than $1.4 million in refunds actually issued.

**DISCUSSION**

Rule 29 of the Federal Rules of Criminal Procedure provides that a judgment of acquittal may be granted if the court finds that "the evidence is insufficient to sustain a conviction." The Fourth Circuit has stated that "[A] jury verdict *must be sustained* if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (*en banc*) (Quoting Glasser v. United States, 315 U.S. 60, 80 (1942) (emphasis in orignal).The term "substantial evidence" means "evidnce that a reasonable finder of fact could accept as adequate and sufficient to support a conslusion of the defendant's guilt beyond a reasonable doubt." Id

The defendants seek a judgment of acquittal on all charges based upon three grounds: (1) the court committed error in admitting the evidence of a non-testifying co-defendant's guilty plea; (2) the evidence was insufficient to prove their intent to commit the crimes for which they were convicted; and (3) the court improperly excluded evidence of Tiari-El's state court action.

Grounds one and three of defendants' motion are based upon allegations that the court committed error in either admitting or excluding certain evidence. Allegations of error during the trial are not a proper basis for a motion for judgment of acquittal under Rule 29, which is only concerned with the sufficiency of the evidence to support a verdict of guilty. See United States v. Alvarez, 351 F.3d 126 (4th Cir. 2003). The appropriate remedy for an error in the admission or exclusion of evidence, which is not harmless beyond a reasonable doubt, is to grant a new trial. See United States v. Rhynes, 218 F.3d 310 (4th Cir. 2000). The Defendants have never moved for a new trial pursuant to Rule 33

of the Federal Rules of Criminal Procedure, which provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The time for filing a motion for a new trial that is grounded on any reason other than newly discovered evidence is seven days after the verdict or finding of guilty. Fed.R.Crim.P. 33(b)(2).

Defendants argue that if the court determines that these errors in the admission and exclusion of evidence are more properly considered as grounds for a new trial rather than a judgment of acquittal, that the court review the evidence *sua sponte* under the Rule 33 standard and convert the timely-filed Rule 29 motion into a Rule 33 motion. Rule 33 provides that "*[u]pon the defendant's motion . . .*" the court may grant a new trial. (Emphasis added). Moreover, the Advisory Committee Notes to the 1966 Amendments explicitly state that "a judge has no power to order a new trial on his own motion [and may] act only in response to a motion timely made by the defendant." Fed.R.Crim.P. 33, Advisory Committee Notes, 1966 Amendments. Indeed the weight of authority holds that a district court may not grant a motion for a new trial on its own motion. For example, in United States v. Martinson, 419 F.3d 749 (8th Cir. 2005), the Eighth Circuit Court of Appeals specifically rejected the argument made by defendants herein. The court in Martinson held that "[m]otions for judgment of acquittal are different motions with different substantive standards than motions for new trial, and we will not construe the filing of one to preserve for our review claims of error relating to the other." Id. at 751. Other circuits are in accord. See United States v. Navarro Viayra, 365 F.3d 790, 793 (9th Cir. 2004) (court may not *sua sponte* convert a motion for acquittal into a motion for a new

trial); United States v. Moran, 393 F.3d 1, 9 (1st Cir. 2004) (a court is without power to convert a motion for judgment of acquittal into a motion for a new trial because the choice "is the defendant's - and the defendant's alone" and that choice must be "exercised within the time parameters prescribed by the Criminal Rules"); United States v. Wright, 363 F.3d 237, 248 (3d Cir. 2004) (trial judge has no power to order a new trial on his own motion).

The defendants cite United States v.Taylor, 176 F.3d 31 (6th Cir. 1999) and United States v. Baker, 432 F.2d 994 (10th Cir. 1970), upon which the Taylor court relied, in support of their contention that this court may *sua sponte* convert their motion for acquittal into a motion for new trial.[2] In Taylor, the Sixth Circuit Court of Appeals affirmed the decision of the district court to grant a new trial based solely on the defendant's motion for judgment of acquittal. The Taylor court decision has been criticized, however, for its failure to consider the specific language of Rule 33 and the Advisory Committee Notes. See Viayra, 365 F.3d at 795. In Baker, the court held, without analysis, that the motion for acquittal in that case should be construed as including allegations that were sufficient o constitute a motion for a new trial. Baker, 432 F.2d at 995. The court failed to describe the contents of the motion or explain what relief the defendant sought. See Moran, 393 F.3d at 10 n. 5. Moreover, the court's holding is "flatly inconsistent with the Criminal Rules." Id. This court finds that it has no authority to convert defendants' motion for judgment of acquittal into a motion for a new trial, more than two years after the time for filing motions

---

[2] Defendants also cite United States v. Beran, 546 F.2d 1316 (8th Cir. 1976) in support of their argument. However, in the more recent decision of Martinson, the Eight Circuit firmly rejected the notion that a district court has the authority to grant a motion for a new trial *sua sponte*.

under Rule 33 has expired.

Defendants challenge the sufficiency of the evidence at trial to establish their criminal intent to commit the crimes for which they were convicted. Contrary to the defendants' argument, the court finds that the evidence at trial was more than sufficient to establish intent. Although the defendants attempted to blame the preparation of the false claims for refund on their partner in Atlanta, Jo-El Bey, they could not explain away the hundreds of partially completed Forms 2439 seized from the TEA offices in March 2003, including the numerous computer files containing the Forms 2439 ready for attachment to a false claim for refund. Moreover, in March of 2003, during the execution of the search warrants at TEA's office, the defendants were specifically told by one of the IRS criminal investigators that what they were doing was fraudulent. Undeterred, the defendants continued to file the fraudulent claims for refunds. They continued their conduct despite two state court injunctions prohibiting the further filing of the false claims, and over 400 letters from the IRS between April and September of 2003 refusing to honor the claims. Only Tiari-El's arrest by state officials for her continued violation of the state court injunctions was sufficient to bring a halt to the defendants' fraudulent scheme. The court finds that the jury had an abundance of evidence, direct and circumstantial, from which to conclude that the defendants knowingly, willfully, and unlawfully conspired to and did submit more than $100 million of false and fraudulent claims to the IRS.[3]

IT IS THEREFORE ORDERED that the defendants' Motion for Judgment of

---

[3] Because of this compelling evidence, even if the court did consider the defendants' other grounds for its motion, any error in the court's admission or exclusion of evidence during trial was harmless beyond a reasonable doubt.

Acquittal is hereby DENIED.

Signed: August 22, 2007

Graham C. Mullen
United States District Judge