IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CR219-MU

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ANEWA TIARI EL and LEANDRA | ) | |
| SMITH | ) | |
| _____ | ) | |

This matter is before the court upon Defendants Anewa Tiari El and Leandra Smith's

Motion for New Trial, filed September 18, 2008.[1]  The motion is based upon the government's

failure to disclose to the defense that it was investigating Joseph Jordan (aka "Jo El Bey") and his

involvement in this case, while at the same time portraying Ms. Tiari El as the mastermind of the

scheme to defraud the IRS. Defendants contend that the failure to disclose this information

mandates a new trial in the interest of justice, as a violation of <u>Brady v. Maryland</u>, 373 U.S. 83

(1963), and as newly-discovered evidence.

Defendants were convicted on all counts on June 10, 2005, after a jury trial at which they

appeared *pro se.*  Defendants subsequently filed motions for judgment of acquittal, which this

court denied on August 22, 2007. <u>United States v. Tiari El</u>, 2007 WL 2429189 (W.D.NC. August

22, 2007).   Now, more than three years after the jury's verdict, Defendants are moving for a

new trial.

Rule 33 of the Federal Rules of Criminal Procedure provide that "[u]pon the defendant's

motion, the court may vacate any judgment and grant a new trial if the interest of justice so

---

[1] The motion was originally filed by Ms. Tiari El and Leandra Smith subsequently adopted it.

1

requires." Fed. R. Crim. P. 33(a).  A motion for new trial based upon newly discovered evidence is required to be filed within three years after the guilty verdict.  Fed. R. Crim. P. 33 (b)(1).  A motion for new trial "grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).  Thus, the instant motion, under either provision of Rule 33, is clearly untimely.

Defendants argue that the amendments to Rule 45(b)(1)(B)[2], which became effective on December 1, 2005,  allow an extension of the deadlines of Rule 33 if a motion is untimely due to "excusable neglect." The government contends that since the amended version of Rule 45(b)(1)(B) was not in effect at the time of conviction, it cannot be applied to the instant motion. The court disagrees.  The enabling act to the proposed amendments states that the amendments "shall govern all proceedings in criminal cases then pending."  The phrase "proceeding" has been construed to mean "cases" and thus includes motions for new trial following convictions occurring before the effective date of the amendment.  See United States v. Bowler, 252 F.3d 741, 744-48 (5th Cir. 2001).

In considering whether "excusable neglect" exists, the court must consider: (1) the danger of prejudice to the non-moving party, (2) the length of delay in filing the motion and the impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the moving party, and (4) whether the moving party acted in good faith.  See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 113 S.Ct. 1489, 1498 (1993).  With regard to the first

---

[2] Rule 45(b)(1)(B) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: . . . (B) after the time expires if the party failed to act because of excusable neglect."

factor, the court finds that prejudice to the government if the motion is considered and granted will be substantial. This case was tried in June of 2005, well over three years ago. The government has represented that it has not been in contact with any of the trial witnesses since they testified at trial and that locating them would pose a tremendous logistical problem, if it could be accomplished at all. The length of the delay, which is considered in the second factor, is significant. If Defendants are basing their motion on newly discovered evidence, the deadline for the motion expired June 10, 2008, three months before the motion was filed. To the extent the motion is based on any other reason, the deadline for filing expired seven days after the jury's verdict on June 10, 2005. Perhaps most significant to the court's analysis is the fact that the Defendants have offered no legitimate justification for the substantial delay in filing their motion. To the extent that Defendants contend that their *pro se* status contributed to their inability to discover or have access to certain information about the Jo El Bey investigation or the cancelled checks at issue, this certainly does not establish excusable neglect. After "firing" a series of court-appointed attorneys, defendants insisted on representing themselves despite the court's blatant warnings. They cannot now use the fact that they were *pro se* at the time to excuse the delay in filing their motions. While the court is not prepared to find that the Defendants acted in bad faith, since the other factors weigh so heavily against them, the court determines that no excusable neglect exists and Defendants' motions, regardless of their bases, are untimely.

Even if the court were to entertain Defendants' motions for new trial, the motions would be denied on their merits. The "new evidence" which Defendants argue warrants a new trial is simply insufficient to provide the required counterweight to the compelling evidence of their guilt offered at trial. Indeed, this court addressed the sufficiency of the evidence in rejecting

Defendants' motion for judgment of acquittal, finding the evidence "compelling" and stating that "[t]he jury had an abundance of evidence, direct and circumstantial, from which to conclude that the defendants knowingly, willfully, and unlawfully conspired to and did submit more than $100 million of false and fraudulent claims to the IRS." Tiari El, 2007 WL 2429189 *4. The court simply cannot envision the proposed evidence making any impact whatsoever on the jury verdict. Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion for New Trial is hereby DENIED.

Signed: December 16, 2008

Graham C. Mullen
United States District Judge